UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-470-H

EDWIN ARNELL CHANDLER, SR.                                                         PLAINTIFF

V.

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, et al.                                                          DEFENDANTS

**MEMORANDUM OPINION**

In February, 1995, Edwin Chandler ("Plaintiff") was convicted in Jefferson Circuit Court for a robbery and murder that took place at a Chevron Convenient Mart on September 28, 1993. He was sentenced to thirty years in prison. Over the following seven years, all of his state and federal appeals were denied. In 2009, investigations determined that a key finger print from the crime scene matched that of one Percy Phillips, who was ultimately determined to be the actual perpetrator of the crimes. On October 13, 2009, the Jefferson Circuit Court vacated and set aside Plaintiff's conviction on the grounds that he was actually innocent.

On July 7, 2010, Plaintiff filed this federal lawsuit against many of the law enforcement officials involved in his investigation and conviction ("Defendants"). Several of the Defendants ("Moving Defendants") have moved to dismiss various claims on the grounds of collateral estoppel, failure to state a claim, and the statute of limitations.

I.

Plaintiff's complaint alleges thirteen (13) separate causes of action against thirteen (13) individuals, three government entities and a number of unknown defendants. All of the claims

arise out of Plaintiff's alleged unlawful treatment at the hands of law enforcement officials following his 1993 arrest.

Counts I-VIII are § 1983 claims. Count I alleges malicious prosecution in violation of the Fourth and Fourteenth Amendments. Count II alleges a deprivation of procedural due process in violation of the Fourteenth Amendment for fabricating false evidence, withholding and destroying material exculpatory evidence and failing to investigate. Count III alleges a violation of substantive due process for engaging in conduct which "shocks the conscience." Count IV alleges a violation of the First and Fourteenth Amendments, alleging a deprivation of due process, access to the courts, and executive clemency. Count V brings a claim for "coercion" in violation of the Fifth and Fourteenth Amendments. Count VI alleges supervisory liability. Count VII alleges a civil rights conspiracy. Count VIII alleges *Monell* liability against the municipal defendants.

Finally, Plaintiff asserts state law claims for malicious prosecution (Count IX), intentional or reckless infliction of emotional distress (Count X), negligent infliction of emotional distress (Count XI), negligent supervision (Count XII), and liability under *respondeat superior* (Count XIII).

In general, Moving Defendants have moved to dismiss many of the claims on the grounds that (1) the doctrine of collateral estoppel bars some claims, (2) the allegations in Counts VI and VII do not meet the specificity required in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and (3) the statute of limitations bars many claims. The Court need not recount all of the events that have transpired to bring the parties to this point. Rather, the Court will consider each of Moving Defendants' arguments in turn and refer to the

facts as needed.

II.

Moving Defendants argue that all of Plaintiff's claims arising from his confession are barred by collateral estoppel because a federal court has already determined the constitutionality of this conduct by dismissing Plaintiff's federal habeas petition in 2002. "Because the judgment upon which the State relies for its preclusion argument was issued by a federal court, we look to federal law to determine its preclusive effect." *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007). Federal courts have acknowledged that, in some circumstances, it is appropriate to apply collateral estoppel from federal habeas cases to federal civil rights cases. *See Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993)*; Williams v. Ward*, 556 F.2d 1143, 1153-54 (2nd Cir. 1977).

Without dispute, a judge in this court has already determined that the circumstances surrounding Plaintiff's 1993 confession do not require its suppression on the grounds of coercion. To prove his claim in Count V of the Complaint, Plaintiff must prove the very same unconstitutionality already adjudicated and denied. The Court has reviewed the Magistrate's Findings, Conclusions and Recommendations which are quite thorough. However, the correctness of that decision is not at issue. More succinctly, the issue is whether a federal habeas decision which is based entirely upon vacated state proceedings can itself support collateral estoppel. The Court can find no cases addressing this question.

Everyone seems to agree that because the state rulings are vacated, those state court proceedings no longer are accorded preclusive effect. *See Dodrill v. Ludt*, 764 F.2d 442, 444 (6th Cir. 1985). Such a rule makes sense conceptually. One of the elements of collateral

estoppel is that the issue in question was subject to a final decision on the merits. Vacating the underlying decision itself and its confirmation on appeal prevents compliance with this element.

In their consideration of Plaintiff's habeas petition, Judges Gambill and Simpson reviewed the state court proceedings and rulings which are now vacated. They made no *de novo* findings or rulings, but rather, in an effort to make a determination regarding the reasonableness of the state court's decision, reviewed the state court findings and rulings which are now literally banished to judicial netherland. Considering the nature of habeas proceedings, particularly the deference given to state court findings of fact and law, this Court is unconvinced that a federal court's habeas rulings based upon discredited and vacated state proceedings are worthy of preclusive effect. Consequently, the Court will deny Moving Defendants' motion to dismiss Plaintiff's claims related to the allegedly coerced confession premised on those grounds.

Notwithstanding this collateral estoppel analysis, the Court must acknowledge the constitutional analysis which Judges Gambill and Simpson performed. The narrow issue of whether Moving Defendants actually violated Plaintiff's Fifth and Fourteenth Amendment rights by coercing his confession will turn here on some of the very same law and some, if not all, of the same facts. It may be that Plaintiff's actual innocence will not alter the legal analysis performed by Judges Gambill and Simpson, but the Court is not yet ready to draw such a conclusion. Nonetheless, the Court stresses that the constitutional result ultimately may not change.

III.

Moving Defendants' next argument is that Counts VI and VII concerning supervisory liability and civil rights conspiracy under § 1983 fail because Plaintiff has not plead to those

4

claims with the specificity which *Twombly* and *Iqbal* require.

The legal elements of these claims are fairly straightforward. Supervisory liability may be based only upon (a) active participation in the unconstitutional conduct, *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989); (b) the encouragement or condonement of the specific incident of misconduct, *id.*; (c) a policy of inadequately training subordinates, *Barber v. Salem*, 953 F.2d 232, 237 (6th Cir. 1992); or (d) a failure to conduct a reasonable inquiry after the fact. *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985), *cert. denied,* 480 U.S. 916 (1987); *Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990). The elements of a civil conspiracy claim are equally straightforward: (1) an agreement between two or more persons, (2) acting under color of state law, (3) to deprive another of a right secured by the Constitution or laws of the United States, and (4) an overt act committed in furtherance of the conspiracy that caused injury to the complainant. *See Memphis, Tennessee, Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).

The factual proof is more difficult to make. The Court has reviewed the Complaint and concludes that it states many specific acts by Defendant Pierce, Defendant Sherrard and others which are specific enough to pass the *Twombly/Iqbal* test. Moreover, given the specific acts already admitted it is plausible, though hardly proven, that those in supervisory capacities organized the acts of which Plaintiff complained. Though a conspiracy is far from proven, it is certainly a plausible conclusion from the allegations of the Complaint.

IV.

Finally, Moving Defendants argue that all of Plaintiff's § 1983 claims based on the First

5

and Fourth Amendments (Counts IV, VI, and VII)[1] and his state law claims for emotional distress (Counts X and XI) are barred by the statute of limitations. Plaintiff argues that the § 1983 claims did not accrue until Plaintiff's conviction was set aside in 2009 and that the state law claims merit equitable tolling.

A.

State law determines the appropriate statute of limitations for § 1983 claims. *Fields v. Louisville/Jefferson Cnty. Metro Gov't*, No. 3:07-CV-134-S, 2007 U.S. Dist. LEXIS 8153, at *9 (W.D. Ky. Nov. 27, 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985)). In Kentucky, the statute of limitations for a § 1983 claim is one year. *Id.* at *10 (citing *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182-83 (6th Cir. 1990)). Nonetheless, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). No one disputes the relevant statute of limitations, only the date of its accrual.

Under federal law, "it is 'the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action.'" *Fields*, 2007 U.S. Dist. LEXIS 8153, at *10 (quoting *Wallace,* 549 U.S. at 388). Generally, a cause of action becomes complete "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (citing *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990)). In some instances, however, the nature of a § 1983 claim delays accrual in spite of the plaintiff having knowledge of his injury. The "*Heck* rule for deferred accrual...delays what would otherwise be the accrual date of a tort

---

[1] This excludes Plaintiff's malicious prosecution claim (Count I), which is a Fourth Amendment claim. Although Moving Defendants initially challenged the timeliness of the malicious prosecution claim, in their reply memorandum, they stated that they do not seek to dismiss the claim at this time.

action until the setting aside of an extant conviction" if the tort necessarily implies the invalidity of the conviction. *Wallace*, 549 U.S at 393. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court explained that for a convicted plaintiff, a § 1983 malicious prosecution claim does not accrue until the conviction has been set aside. *See Heck*, 512 U.S. at 484. Although a convicted plaintiff may know of his injury long before that time, it would be impossible for the plaintiff to establish a valid malicious prosecution claim because an element of the claim is that the criminal proceeding be resolved in the plaintiff's favor. *See Id.*; *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).

The *Heck* rule for deferred accrual applies to Plaintiff's Fourth Amendment claims in Counts VI and VII because they are tied to plaintiff's § 1983 malicious prosecution claim. In light of the fact that the *Heck* rule delays the accrual of malicious prosecution claims, the Court finds that the *Heck* rule also delays the accrual of claims that are dependent upon and tied to a malicious prosecution claim. Consequently, Plaintiff's Fourth Amendment claims based upon malicious prosecution in Counts VI and VII did not accrue until the Jefferson County Circuit Court set aside his conviction on October 13, 2009. Plaintiff filed suit on July 7, 2010, bringing his claims within the one-year statute of limitations.

The *Heck* rule also applies to Plaintiff's First Amendment claim. Plaintiff's First Amendment claim in Count IV alleges that he was not given appropriate access to the courts following his conviction due to Defendants' suppression of exculpatory evidence. To make such a claim, Plaintiff would have to show that he suffered "actual prejudice to non-frivolous claims" as a result of being denied access to the courts. *Hadix v. Johnson*, 173 F.3d 958, 963-64 (6th Cir. 1999). Although Plaintiff knew that the denial of access to the courts caused him to suffer

actual prejudice, without his conviction being overturned, it would have been impossible for him to establish his claim. Thus, the *Heck* rule delayed the accrual of Plaintiff's First Amendment claim until October 13, 2009. Plaintiff brought his First Amendment claim within a year of that date, so the claim is timely.

The Court finds, however, that the one-year statute of limitations bars Plaintiff's claims regarding his allegedly coerced confession in Count V. Plaintiff's § 1983 coercion claims are based on the Fifth and Fourteenth Amendments. For a Fifth Amendment coercion claim, "[i]t is only when compelled incriminating statements are used in a criminal case that an accused has suffered the requisite constitutional injury for purposes of a 42 U.S.C. § 1983 action." *Fields*, 2007 U.S. Dist. LEXIS 8153, at *5-*6. A Fourteenth Amendment coercion claim is a complete and present cause of action upon the completion of the interrogation. *Id.* at *11. Plaintiff would have had knowledge of both injuries after his confession was used against him at his trial, and neither coercion claim requires Plaintiff to establish the invalidity of his conviction. Therefore, the *Heck* rule for deferred accrual does not apply and both coercion claims had accrued by the end of Plaintiff's trial in 1995. Plaintiff did not file suit until July 7, 2010, making both claims untimely. As a result, the portions of Counts VI and VII dealing with coercion are untimely as well.

B.

With regard to the state law claims that Moving Defendants challenge as untimely – negligent and intentional infliction of emotional distress (Counts X and XI) – the limitations

periods for those claims is five years.² *Craft v. Rice*, 671 S.W.2d 247, 251 (Ky. 1984). Neither party disputes the relevant statutes of limitations. The dispute revolves around whether the Court should apply equitable tolling.

Under Kentucky law, equitable tolling is appropriate where a defendant obstructs the prosecution of an action through concealment or obstruction. *See Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 573 (Ky. 2009) (citing KRS 413.190(2)). Plaintiff alleges that, from the time of Plaintiff's conviction in 1995 until the conviction was set aside in 2009, Defendants concealed information from Plaintiff concerning their conduct that would have allowed Plaintiff to bring claims for the negligent and intentional infliction of emotional distress. Assuming that this is true, Plaintiff's emotional distress claims merit equitable tolling. This means that the statute of limitations did not begin to run until Plaintiff was made aware of Defendants' conduct following his conviction being set aside on October 13, 2009. Thus, Plaintiff's emotional distress claims are not barred by the five-year statute of limitations.

The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record

---

² Moving Defendants also allege that Plaintiff's state law-based negligent supervision claim (Count XII) is untimely. They did not raise the argument until their reply memorandum, which did not afford Plaintiff an opportunity to defend the timeliness challenge. Nonetheless, as the negligent supervision claim is based upon Plaintiff's state law-based malicious prosecution claim, a claim that Moving Defendants are not challenging as untimely, the Court finds that the statute of limitations does not bar the negligent supervision claim.