UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-470-H

EDWIN ARNELL CHANDLER, SR.                                                          PLAINTIFF

V.

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, et al.                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

In its opinion dated March 1, 2011, this Court ruled that the statute of limitations barred Plaintiff's claims of coercion set forth in Counts V, VI, and VII of the complaint. After issuing its opinion, Plaintiff requested consideration on the grounds that Defendants had not actually moved for the dismissal of Count V. In a Memorandum and Order dated April 26, 2011, the Court agreed and allowed the parties additional time to brief the issue.

No one can dispute that, at the time of the coerced confession, Plaintiff knew all of the facts that would comprise his cause of action. However, as it turns out, such a cause of action does not actually occur until the coerced confession is used at trial. *Chavez v. Martinez*, 538 U.S. 760, 773 (2003). Under the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court must determine whether the Fifth Amendment coercion claim requires either (1) the establishment that his conviction was invalid, or that (2) the tort itself would necessarily imply the invalidity of the conviction. Only the latter consideration remains relevant. Citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007), Defendants argue that allowing the claim to go forward is proper because defenses such as coercion of confessions are subject to the harmless error rule and, therefore, would not necessarily imply that the conviction was unlawful.

Upon more thorough consideration of the issue, the Court concludes that even though a coerced confession might be subject to the harmless error rule, a coerced confession would strongly suggest that any conviction was obtained wrongly and subject to invalidation. Moreover, in our case, the confession was not merely coerced. The coerced confession was indisputably a wrongful confession. To attack a coerced wrongly confession used at trial to convict, Plaintiff would absolutely call into question the validity of the existing conviction. The *Wallace* case does not apply directly because it concerned allegations of wrongful entry, which do not implicate the conviction so directly as a confession. Consequently, the statute of limitations on the Count V claims are tolled under the *Heck* rule.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's Count V coercion claim is DENIED.

cc:   Counsel of Record